MARC E. MAYER (SBN 190969)
  mem@msk.com
DANIEL A. KOHLER (SBN 285501)
  dxk@msk.com
MATTHEW S. BEASLEY (SBN 288070)
  msb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiff
Riot Games, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIOT GAMES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI MOBAI COMPUTER TECHNOLOGY CO., LTD., FAN QIANG, QIONGYU QU, CHAO LI, XIN ZHU, CHEN XU, XING WU, YIFEI JIANG, YINGFEI WU, and JIETING LI, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 5:17-cv-00331<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Riot Games, Inc. ("Riot") alleges as follows:

**PRELIMINARY STATEMENT**

1. Riot develops, publishes, and owns the copyright in and to the immensely popular video game titled "League of Legends" ("LoL"). LoL is one of the most popular games in the world, played by more than 100 million people each month. Riot dedicates enormous time, money, and effort to developing LoL, and to ensuring that LoL maintains the quality of content that its players have come to expect.

2. At issue in this lawsuit is the willful and bad faith infringement of Riot's copyright in LoL by a coordinated group of individuals acting for or on behalf of a China-based game developer known as Shanghai MoBai Computer Technology Co., Ltd. d/b/a Moby ("Moby"). Moby develops a mobile game most commonly known as "Arena of Battle." Moby has blatantly and slavishly copied LoL in Arena of Battle, including by appropriating some of the most distinct and recognizable "champion" characters in LoL and a host of LoL artwork and images. Arena of Battle is promoted on a U.S.-facing webpage (located at www.aobgame.com) and on a U.S. Facebook page, and it is promoted and sold on both the U.S. Google Play and Apple App Stores under various names.

3. Moby is well aware that its game infringes Riot's copyrights. Thus, Moby attempts to conceal its activities and the scope of its misconduct by distributing its game via a network of aliases and alternative titles. Indeed, Moby distributes its game under no fewer than a dozen different titles on the Google Play and Apple App stores. Each of these titles purports to be a different game created and distributed by a separate company or group of individuals, but in fact the games all are identical or nearly identical to Arena of Battle. Riot is informed and believes that Moby is ultimately responsible for the creation and distribution of all "versions" of Arena of Battle.

4. In an effort to put a stop to Defendants' infringement, over the past few months Riot has engaged in an extensive enforcement campaign, sending numerous takedown notices, emails, and letters to both Google and Apple. However, these efforts have been an endless game

of "whack-a-mole," with new versions of Arena of Battle reappearing on the Google Play and Apple App stores on a regular basis. Through this process, Riot discovered that these purportedly different games created by purportedly different developers are in fact identical or nearly identical and originate from a common source.

5. On January 9, 2017, Riot received a DMCA counter-notification from one of the purported individual developers in response to a notice sent to Google. Thus, Riot had no choice but to commence this action to preserve and enforce its rights.

6. Riot is informed and believes that Defendants undertook to appropriate and exploit Riot's intellectual property with the specific object of capitalizing on and exploiting Riot's LoL copyrights. Moreover, Defendants have systematically endeavored to keep their infringement efforts alive through subterfuge and deceit. Defendants' conduct has harmed Riot and its business, while enriching Defendants. Riot is entitled to monetary damages, injunctive and other equitable relief, and punitive damages against Defendants.

## THE PARTIES

7. Riot is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

8. Riot is informed and believes, and on that basis alleges, that Defendant Shanghai MoBai Computer Technology Co., Ltd. d/b/a Moby ("Moby") is a company based in the Jiading district of Shanghai, China, with its principal place of business at Building 7 Block B, Room 1100; Chenxiang Road 768, Jiading District; Shanghai 200090. Riot is informed and believes that Moby is the developer of the mobile game titled "Arena of Battle" ("AoB").

9. Riot is informed and believes, and on that basis alleges, that Defendant Fan Qiang ("Fan") is a citizen of the People's Republic of China, who purports to be the developer of a version of AoB titled "Legend of Summoner."

10. Riot is informed and believes, and on that basis alleges, that Defendant Qiongyu Qu ("Qiongyu") is a citizen of the People's Republic of China, who purports to be the developer of a version of AoB titled "Arena Of Battle - Classic Action Card LOL Game."

11. Riot is informed and believes, and on that basis alleges, that Defendant Chao Li ("Chao") is a citizen of the People's Republic of China, who purports to be the developer of a version of AoB titled "超神荣耀-LOL全民王者卡牌手游."

12. Riot is informed and believes, and on that basis alleges, that Defendant Xin Zhu ("Xin") is a citizen of the People's Republic of China, who purports to be the developer of a version of AoB titled "超神王者 for LOL全民荣耀联盟手游."

13. Riot is informed and believes, and on that basis alleges, that Defendant Chen Xu ("Chen") is a citizen of the People's Republic of China, who purports to the developer of two versions of AoB titled "荣耀联盟-男枪归来！最强王者等你来战" and "荣耀王者 for LoL皇者荣誉之战" respectively.

14. Riot is informed and believes, and on that basis alleges, that Defendant Xing Wu ("Xing") is a citizen of the People's Republic of China, who purported to be the developer of a version of AoB titled "King Of Heroes - simplified version."

15. Riot is informed and believes, and on that basis alleges, that Defendant Yifei Jiang ("Yifei") is a citizen of the People's Republic of China, who purports to be the developer of a version of AoB titled "Legend of the overfiend for international."

16. Riot is informed and believes, and on that basis alleges, that Defendant Yingfei Wu ("Yingfei") is a citizen of the People's Republic of China, who purports to be the developer of a version of AoB titled "超神传奇-海岛英雄盒子手游版(tgp官方助手3)."

17. Riot is informed and believes, and on that basis alleges, that Defendant Jieting Li ("Jieting") is a citizen of the People's Republic of China, who purports to be the developer of a version of AoB titled "超神王者:Arena Of Battle."

18. Fan, Qiongyu, Chao, Xin, Chen, Xing, Yifei, Yingfei, and Jieting are sometimes collectively referred to herein as the "Individual Defendants." Riot is informed and believes, and on that basis alleges, that each of the Individual Defendants is affiliated with or employed by Moby, including as an officer, agent, or other representative of Moby, and has acted at the direction of Moby.

19. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1-10 inclusive, are unknown to Riot, which has therefore sued said defendants by such fictitious names.  These defendants may include individuals whose real identities are not yet known to Riot, but who are acting in concert with one another, often in the guise of Internet aliases, in committing the unlawful acts alleged herein. Riot will seek leave to amend this complaint to state their true names and capacities once said defendants' identities and capacities are ascertained.  Riot is informed and believes, and on that basis alleges, that all defendants sued herein are liable to Riot as a result of their participation in all or some of the acts set forth in this complaint.  (All of the aforementioned defendants collectively are referred to herein as "Defendants.").

20. Riot is informed and believes, and on that basis alleges, that at all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

21. This is a civil action seeking damages, injunctive relief, and other equitable relief, under the Copyright Act, 17 U.S.C. § 101 *et seq*.

22. This Court has subject matter jurisdiction over Riot's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, and the action is between a California citizen and citizens of a foreign jurisdiction.

23. This Court has personal jurisdiction over Defendant Fan Qiang because he has consented to the jurisdiction of this Court by submitting to Google, Inc. ("Google") a counter-notification pursuant to 17 U.S.C. § 512(g)(3), pursuant to which he necessarily attested that he will consent to the jurisdiction of the Federal District Court for any judicial district in which the

1  service provider may be found, and will accept service from Riot.  This judicial district is where
2  the service provider, Google, may be found.

3       24.     This Court also has personal jurisdiction over Defendants because they have
4  purposefully directed their activities at the United States, and at California in particular, have
5  purposefully availed themselves of the benefits of doing business in California, and have
6  established a continuing presence in California.  Riot is informed and believes, and on that basis
7  alleges, that, without limitation:

8       (a)     Defendants conduct extensive and ongoing business with customers in the United
9  States and the State of California;

10       (b)     Defendants distribute AoB in the United States and the State of California through
11  the services provided by two California companies, Apple, Inc. ("Apple") and Google;

12       (c)     Defendants have directed their unlawful activities at Riot, knowing and intending
13  that Riot would be harmed by their conduct in the United States and primarily in the State of
14  California, where Riot has its principal place of business;

15       (d)     Defendants advertise and market AoB in the United States and the State of
16  California, and communicate directly with users in the State of California, including for the
17  purposes of soliciting purchases of AoB by such users;

18       (e)     Defendants enter into contracts with numerous California citizens, including each
19  California resident that installs and plays AoB on his or her mobile device.  Defendants also
20  collect revenue from in-app purchases (or "microtransactions") from users within the United
21  States and the state of California;

22       25.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is a
23  judicial district in which a substantial part of the events giving rise to the claims occurred, and/or
24  in which Riot's injury was suffered.

25  //
26  //
27  //
28  //

## **FACTS APPLICABLE TO ALL CLAIMS**

### **Riot and "League of Legends"**

26. Riot is a game developer and publisher best known for the enormously popular game "League of Legends." Riot, with its partners and affiliates, develops, publishes, markets, advertises, distributes, maintains, and services LoL in numerous countries throughout the world. Riot owns valid registered copyrights in LoL.

27. LoL is a fast-paced, highly competitive online game. In LoL, two five-player teams of powerful champions, each with a unique design and playstyle, battle head-to-head across multiple computer-generated battlefields and in a variety of game modes and types. LoL blends the speed and intensity of a "real-time" strategy game with elements of fantasy role-playing and character development.

28. Each of the more than 130 LoL champions has a unique and distinctive appearance; a unique set of abilities; and a variety of cosmetic changes, known as "skins," which alter the visual appearance of the champion and his or her abilities. Each LoL champion also has a unique backstory and "lore" developed around that champion.

29. Additionally, during play, LoL players select from a variety of unique equipment and items, each of which has an original name and identifying icon, as well as a unique set of defined properties, to enhance the statistics and strength of their champion.

30. Each of the foregoing elements, including the aforementioned characters, visual depictions of characters, item artwork, icon artwork, as well as the combination, selection, and arrangement of the foregoing elements, constitutes Riot's protected expression.

### **Defendants and Arena of Battle**

31. On or about November 21, 2016, Riot became aware of a mobile game, AoB, which promoted itself as the "Most Popular LOL Mobile Game."

32. Upon investigation, Riot discovered a Facebook page entitled "Arena of Battle: 超神王者" (recently changed to "Arena of Battle: Legend of Summoner"), which provided

multiple links from which users could download various versions of AoB from both the Google Play store and the Apple iTunes App Store.

33. Riot is informed and believes, and on that basis alleges, that Defendants collectively are responsible for and oversee all aspects of AoB, including its development, marketing, and maintenance.

34. Riot is informed and believes, and on that basis alleges, that at the time Defendants created AoB, they had access to LoL and were aware of its massive popularity throughout the world.  Without license or authorization from Riot, Defendants used in their game visual, audiovisual, and gameplay elements that were derived from, and substantially similar to, those contained in Riot's LoL.

35. In addition, Riot is informed and believes that Defendants then distributed AoB, or caused AoB to be distributed, around the world, including in the United States.

36. Among the protected elements that Defendants appropriated from LoL are Riot's visual depictions of their champions, the roles and skills for each of the champion characters appearing in LoL, and Riot's in-game artwork (including icon art), as well as the overarching combination, selection, and arrangement of the foregoing discrete elements.  The result is that not only are specific discrete elements of Defendants' game copied from LoL, but Defendants' game, as a whole, is an unauthorized derivative of LoL.

37. Riot's initial investigation into AoB has revealed that Riot's copyrights have been infringed by Defendants' games in numerous ways, including, without limitation, the following:

(a) AoB contains approximately fifty-six champions, all of which are nearly identical copies of LoL champions, using similar appearances, names, abilities, ability names, icons representing abilities, and sound effects, as their counterparts in LoL.  By way of example, below is a comparison of "Ashe" from LoL and "Ash" from AoB:

//
//
//
//

| League of Legends® | Arena Of Battle: 超神王者 |
|---|---|
| **Ashe** [character image with abilities icons] | **"Ash"** [game screen showing skill point, Enchanted Crystal Arrow Lv.13 7000, Volley Lv.13 7000, Frost Shot Promote to blue to unlock, Hawkshot Promote to purple to unlock; Lv.21 Ash +1, 3 Star Open] |
| **Ashe Abilities** <br> - Frost Shot- physical attacks damage and slow the target <br> - Ranger's Focus- increases Ashe's attack speed and damage <br> - Volley- fires a series of arrows in a cone in front of Ashe, dealing physical damage <br> - Hawkshot- reveals an area of the map for a short period <br> - Enchanted Crystal Arrow- fires an arrow, stunning and dealing damage to the first enemy it hits and causing damage to and slowing nearby enemies. | **"Ash" Abilities** <br> - Frost Shot- attack deals physical damage and slow <br> - Volley- fires a volley of arrows at the enemy dealing damage and causing slow <br> - Hawkshot- increase attach speed <br> - Enchanted Crystal Arrow- fires an arrow, stunning and dealing damage to the target and causing damage to and slowing nearby enemies |

(b)     AoB contains equipment and items, as well as icon artwork for the same, copied and derived from LoL.

(c)     Defendants market their game using artwork that is directly taken from LoL, including character portrait art. By way of example only is the following exemplar of Defendants' use of LoL artwork in its advertising:

Champion Artwork from LoL   AoB Advertisement on Apple App Store

Similarly, on December 25, 2016, Defendants announced, via their U.S. Facebook page located at www.facebook.com/A.O.B.MobileGame that they would soon be releasing a "New

Mitchell Silberberg & Knupp LLP<br>8559345.1

Champion." Defendants copied the artwork for the LoL character "Yasuo," and encouraged their fans to "guess" who it would be:

Original LoL Yasuo Art

AoB Ad



(d) AoB also contains numerous character "skins," (i.e., cosmetic character appearances) many of which are nearly identical copies of champion skins available for corresponding LoL champions.[1] By way of example, below is a comparison of the "Dunkmaster Darius" skin from LoL and the "Dunkmaster Dyrus" (a reference to a popular LoL player named Dyrus) skin from AoB. Among other things, Defendants have appropriated Darius' arm sleeve, uniform, "Noxus" team name, and basketball backboard (with nearly identical stains and chips):

//
//
//
//
//
//
//
//

---

[1] In addition to copying LoL, Defendants also sell character skins based on other popular works, such as the "Joker" from D.C. Comics and Nintendo's "Super Mario."

| LoL | AoB |
|---|---|
|  | |

38. Riot has discovered at least four versions of AoB available on the Google Play store and at least nine versions of AoB available on the Apple App Store. Nearly all of these versions are freely available for download in the United States. Each version of AoB has a different name and some are translated into different languages, but all versions share the same gameplay and graphics. (For purposes of this Complaint, all versions of AoB are referred to collectively as AoB.) The known versions of AoB available via Google and Apple have been published under the following titles:

(a) Google Play:

    i.    Arena Of Battle: 超神王者

    ii.    Arena of Battle

    iii.    Legend of Summoner

        iv.    超神王者:Arena Of Battle for LOL

(b) Apple App Store:

        i.    Arena Of Battle - Classic Action Card LOL Game

        ii.    超神荣耀-LOL全民王者卡牌手**游**

        iii.    荣耀联盟-男枪归来！最强王者等你来战

        iv.    荣耀王者 for LoL皇者荣誉之战

        v.    King Of Heroes - simplified version

        vi.    Legend of the overfiend for international

        vii.    超神传奇-海岛英雄盒子手游版(tgp官方助手3)

        viii.    超神王者:Arena Of Battle

        ix.    超神王者 for LOL全民荣耀联盟手游

39. Defendants distribute AoB in the United States, including through the Google Play store and Apple App Store. In addition, Defendants actively direct the marketing for their at users in the United States, including through the aforementioned Facebook page. In addition, Defendants market their game in the United States through an English-language webpage located at www.aobgame.com, which prominently displays images, artwork, and descriptions of Defendants' infringing characters and certain infringing character skins (*see* http://www.aobgame.com/html/hero).

40. Riot is informed and believes that a significant number of Defendants' customers are residents of the United States, and of California, and that those users have downloaded AoB from within the United States and California.

41. AoB customers have commented on the remarkable similarity between LoL and AoB, including (without limitation) the following review of one of the versions of AoB published via the Apple App Store:

> **Just a really cool pocket version of League of Legends!** ★★★★
> by Dr Von's Monster
>
> The game Arena of Battle has many champions from League of Legends and almost all the same skills too. Some champions' skills need to be updated to match the skills in League of Legends, that's if they want Arena of Battle to be the exact replica of League of Legends. But otherwise, in my opinion, Arena of Battle is really a fun and addicting game.

42. Between the dates of November 22, 2016 and January 13, 2017, Riot submitted to Google and Apple valid notices of copyright infringement pursuant to 17 U.S.C. § 512, pertaining to all known versions of AoB.

43. In response to certain of these notices, Google requested that Riot specifically identify content in AoB which infringed Riot's copyright in LoL, and Riot responded with letters identifying a sample of the expansive amount of infringing content in AoB. On December 6, 2016, December 9, 2016, January 4, 2017 and January 19, 2017, Riot sent a non-exhaustive side-by-side chart, attached hereto as **Exhibit A** and incorporated herein by reference, exemplifying the nature of AoB's infringement to Google.

44. Upon Riot providing specifically identified infringing content, Google disabled access to three of the four known URLs via which consumers were able to download versions of AoB from Google Play. However, on or about January 9, 2017, Google forwarded to Riot a copy of a counter-notification sent to Google by Defendant Fan, the stated developer of one of the versions of AoB published via Google Play under the alternate title "Legend of Summoner," pursuant to 17 U.S.C. § 512(g)(2) and (3). By this counter-notification, Defendant Fan (who, as noted, Riot believes to be an alias or agent of Defendant Moby) necessarily consented to jurisdiction in this Court and to service of process.

45. In response to certain notices of infringement, Apple put Riot in direct contact with the listed developer of each of the eight versions of AoB available from Apple, requesting that such developers respond to claims of copyright infringement. Riot did so, but most of Riot's requests have gone unanswered. Apple has disabled access to seven of the eight known URLs via which consumers were able to download versions of AoB from the Apple App Store.

46. On or about January 17, 2017, Riot learned that defendant Moby maintains a corporate Chinese website prominently featuring certain AoB content on the front page at www.mobygame.cn:



47. Similarly, Moby features AoB content prominently on an AoB game-specific Chinese website at www.cswz.mobygame.cn:



48. Clicking on the "App Store" icon on Moby's Chinese website directs the user to: https://itunes.apple.com/cn/app/id1112855475, an Apple "iTunes Preview" site which describes the game as "超神王者 for LOL全民荣耀联盟手游" and, among other things, includes an app icon based entirely on the LoL champion "Garen":

| Original LoL Garen Art | AoB iTunes Preview |

49. Riot is informed and believes, and on that basis alleges, that Defendants continue to develop AoB, including by adding new servers and making updates to AoB despite notice of Riot's claims of copyright infringement.

## COUNT I

### (Copyright Infringement)

50. Riot realleges and incorporates by reference the allegations in paragraphs 1 through 49, as if set forth fully herein.

51. Riot is the owner of valid and enforceable copyrights in LoL. Riot has registered or applied for registration for copyrights in LoL, including PA 1-906-694, PA 1-397-659 and PA 1-971-560.

52. Defendants have deliberately and intentionally copied the characters, artwork, and other protectable expression from LoL in AoB. The AoB characters have the same names,

abilities, ability icons, and visual appearance as those found in LoL. Representative examples of Defendants' appropriations of Riot's copyrighted expression are set forth in Exhibit A, attached hereto and incorporated by reference herein.

53. Riot has never authorized or given consent to Defendants to use their copyrighted works in the manner complained of herein.

54. Thus, Defendants have infringed, and are continuing to infringe, Riot's copyrights by reproducing, adapting, distributing, publicly performing, and publicly displaying, and authorizing others to reproduce, adapt, distribute, publicly perform, and publicly display copyrighted elements of LoL without authorization, in violation of the Copyright Act, 17 U.S.C. § 501 *et seq*.

55. Defendants' acts of infringement are willful, in disregard of, and with indifference to, the rights of Riot.

56. As a direct and proximate result of the infringements alleged herein, Riot is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Riot is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

57. Riot further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

58. As a result of Defendants' acts and conduct, Riot has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Riot is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Riot's rights in LoL. Riot is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

Mitchell Silberberg & Knupp LLP

8559345.1

15   CASE NO. 5:17-cv-00331
COMPLAINT FOR COPYRIGHT INFRINGEMENT

# PRAYER FOR RELIEF

WHEREFORE, Riot prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to an order:

1. Preliminarily and permanently enjoining Defendants, their officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, affiliates, and all persons acting in concert or participation with Defendants from: manufacturing, producing, distributing, adapting, displaying, advertising, promoting, offering for sale or selling, or performing any materials that are substantially similar to LoL, and to deliver to the Court for destruction or other reasonable disposition all materials and means for producing the same in Defendants' possession or control.

2. Requiring Defendants to deliver to Riot all copies of materials that infringe or violate any of Riot's rights described herein.

3. Requiring Defendants to provide Riot with an accounting of any and all sales of products or services that infringe or violate any of Riot's rights, as described herein.

4. Awarding Riot actual or statutory damages for copyright infringement and willful infringement under 17 U.S.C. § 504, as appropriate.

5. Awarding Riot its full costs and attorneys' fees in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

6. Imposing a constructive trust over the proceeds unjustly obtained by Defendants through the sale of AoB in the United States, and/or any other products or services that violate any of Riot's rights described herein.

7. Awarding such other and further relief as this Court may deem just and appropriate.

Dated: January 23, 2017

MARC E. MAYER
DANIEL A. KOHLER
MATTHEW S. BEASLEY
MITCHELL SILBERBERG & KNUPP LLP

By: /s/Marc E. Mayer
    Marc E. Mayer
    Attorneys for Plaintiff
    Riot Games, Inc.

## JURY DEMAND

Plaintiff Riot Games, Inc. hereby demands a trial by jury on all matters and issues so triable.

Dated: January 23, 2017

MARC E. MAYER
DANIEL A. KOHLER
MATTHEW S. BEASLEY
MITCHELL SILBERBERG & KNUPP LLP

By: /s/Marc E. Mayer
  Marc E. Mayer
  Attorneys for Plaintiff
  Riot Games, Inc.